**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE ALBERTO CARTAGENA and OLGA LISSETTE CARTAGENA, | No. 08-71534 |
| Petitioners, | Agency Nos.   A073-984-160 |
| | A073-900-202 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE and THOMAS, Circuit Judges.

Petitioners Jorge Alberto Cartagena and Olga Lissette Cartagena, husband

and wife and natives and citizens of El Salvador, petition for review of a Board of

Immigration Appeals order dismissing their appeal from an immigration judge's

(IJ) denial of their application for cancellation of removal, as well as their

application for asylum, withholding of removal and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Convention Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C.

§ 1252. We deny in part and dismiss in part the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding

of removal because Mr. Cartagena failed to show he was or will be subject to

conduct rising to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179,

1182 (9th Cir. 2003) (holding that unfulfilled threats and an incident of physical

violence did not establish past persecution). The unfulfilled threats to Mr.

Cartagena by an unknown source or sources do not compel a finding that he will be

subject to future persecution if he returns to El Salvador. *See INS v. Elias-

Zacarias*, 502 U.S. 478, 481 n.1 (1992) (explaining that court may not reverse

Board's finding unless evidence compels the conclusion that petitioner has a well-

founded fear of persecution on account of a protected ground).

Substantial evidence also supports the Board's denial of CAT relief based on

the Board's finding that petitioners did not establish a likelihood of torture by, at

the instigation of, or with the consent or acquiescence of the El Salvadoran

government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

As for the denial of cancellation relief, petitioners contend they were denied

due process when the immigration judge misstated the evidence and speculated

that a U.S. citizen child is entitled to government benefits. Because the record

indicates the IJ considered all evidence in the aggregate, including Mr. Cartagena's testimony regarding the extent of hardship to his son, the IJ's misstatement as to how many weekend days and holidays he spent with the son did not affect the outcome of the case. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). The contention that the Board failed to properly consider and weigh all evidence of hardship does not raise a colorable due process claim. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Accordingly, we dismiss the appeal as to the denial of cancellation of removal.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**